CASE 12-C-37       Doddridge                                PAGE 0001

PATRICK D. LEGGETT                vs. EQUITABLE PRODUCTION CO.


LINE   DATE    ACTION
   1 12/07/12   FILED CASE INFORMATION STATEMENT
   2 12/07/12   FILED ORIGINAL COMPLAINT
   3 12/07/12   FILED CERT.OF SRVC.(PL.1ST SET OF INTERROGATORIES)
   4 12/07/12   FILED CERT.OF SRVC.(PL 1ST SET OF REQUEST FOR PRODUCTION)
   5 12/13/12   FILED AMENDED CCIS
   6 12/20/12   FILED ACCEPTANCE OF SERVICE ON EQT X 2

# SUMMONS

## IN THE CIRCUIT COURT OF DODDRIDGE COUNTY, WEST VIRGINIA

PATRICK D. LEGGETT;
KATHERINE F. LEGGETT;
GEORGE D. MCKAIN, by his
attorney in fact, ANITA
KATHRYN MCKAIN GREER;
and ADEL S. MCDOUGAL,

           Plaintiffs,

v.

                                           Civil Action No. _12-C-37_

EQT PRODUCTION COMPANY, ............................**EQT PRODUCTION COMPANY**
a Pennsylvania corporation,                   **625 Liberty Avenue**
and EQT CORPORATION,                   **Suite 1700**
a Pennsylvania corporation,                 **Pittsburgh, PA 15222**

           Defendants.          **REGISTERED AGENT:**
                                   **CT CORPORATION SYSTEM**
                                   **5400 D Big Tyler Road**
                                   **Charleston, WV 25313**

**To the above-named Defendant: EQT PRODUCTION COMPANY**

     IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby Summoned and required to serve upon plaintiffs' attorneys, Marvin W. Masters and Michael W. Carey, whose respective addresses are The Masters Law Firm, 181 Summers Street, Charleston, WV, 25301 and Carey, Scott, Douglas & Kessler, PLLC, 707 Virginia Street East, Suite 901, Charleston, WV, 25301, an Answer including any related Counterclaim you may have to the Complaint filed against you in the above styled civil action, a true copy of which is herewith delivered to you, along with "Plaintiffs' First Set of Interrogatories to Defendants" and "Plaintiffs' First Set of Requests for Production of Documents to Defendants."  You are required to serve your Answer to the Complaint within _30_ days after service of this Summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by Counterclaim in the above styled civil action.  The attached discovery requests contain the information about when and how your responses to those requests may be made.

Dated: _12-7-2012_   I hereby certify that the annexed instrument is a true
and correct copy of the original on file in this office.
Attest: DWIGHT E. MOORE Clerk of Court:
Circuit Court Doddridge County of West Virginia

                                      Clerk

## AFFIDAVIT OF CERTIFICATE OF SERVICE

_____ is a credible person above the age of 18, who after being duly sworn deposes and says as follows:

On the _____ day of _____, 20_____, I served a copy of the following legal documents:

- ( )   Summons and Complaint;
- ( )   Order and Petition;
- ( )   Interrogatories;
- ( )   Requests for Production of Documents;
- ( )   Requests for Admissions;
- ( )   Subpoena;
- ( )   Subpoena Duces Tecum

upon _____.

- ( )   named defendant in the aforesaid lawsuit
        named on the legal document
- ( )   witness in the aforesaid lawsuit named on
        the legal documents

by serving true copy (copies) of the same upon (him) (her):

- ( )   in person;
- ( )   by delivering the aforesaid documents to _____, a
        member of (his) (her) family above the age of sixteen (16) at said defendant(s)'
        (witness') dwelling house or usual place of abode, (the defendant) (witness) then and
        there being present, and giving to such person information of the purport of the
        Summons and Complaint;
- ( )   by       delivering       the       aforesaid       legal       documents       to
        _____, the agent or attorney in fact
        authorized by appointment or statute to receive or accept service of process on (his)
        (her) (its) behalf, the West Virginia Secretary of State.


_____
PROCESS SERVER

STATE OF WEST VIRGINIA
COUNTY OF _____, TO-WIT:

Taken, subscribed and sworn to before me this _____ day of _____ 20_____. My

commission expires _____.


_____
NOTARY PUBLIC

# SUMMONS

## IN THE CIRCUIT COURT OF DODDRIDGE COUNTY, WEST VIRGINIA

PATRICK D. LEGGETT;
KATHERINE F. LEGGETT;
GEORGE D. MCKAIN, by his
attorney in fact, ANITA
KATHRYN MCKAIN GREER;
and ADEL S. MCDOUGAL,

            Plaintiffs,

v.                                       Civil Action No. _12__-___7_

EQT PRODUCTION COMPANY,
a Pennsylvania corporation,
and EQT CORPORATION, .................................
a Pennsylvania corporation,

            Defendants.

**EQT CORPORATION**
**625 Liberty Avenue**
**Suite 1700**
**Pittsburgh, PA  15222**

REGISTERED AGENT: CT CORPORATION SYSTEM
5400 D Big Tyler Road
Charleston, WV 25313

**To the above-named Defendant:  EQT CORPORATION**

      IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby Summoned and required to serve upon plaintiffs' attorneys, Marvin W. Masters and Michael W. Carey, whose respective addresses are The Masters Law Firm, 181 Summers Street, Charleston, WV, 25301 and Carey, Scott, Douglas & Kessler, PLLC, 707 Virginia Street East, Suite 901, Charleston, WV, 25301, an Answer including any related Counterclaim you may have to the Complaint filed against you in the above styled civil action, a true copy of which is herewith delivered to you, along with "Plaintiffs' First Set of Interrogatories to Defendants" and "Plaintiffs' First Set of Requests for Production of Documents to Defendants."  You are required to serve your Answer to the Complaint within <u>30</u> days after service of this Summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by Counterclaim in the above styled civil action.  The attached discovery requests contain the information about when and how your responses to those requests may be made.

Dated: ___12 · 7 · 201__2__            Clerk of Court: _____

I hereby certify that the annexed instrument is a true
and correct copy of the original on file in this office.
Attest: DWIGHT E. MOORE
Circuit Court Doddridge County of West Virginia

By: _____
           Clerk

## AFFIDAVIT OF CERTIFICATE OF SERVICE

_____ is a credible person above the age of 18, who after being duly sworn deposes and says as follows:

On the _____ day of _____, 20_____, I served a copy of the following legal documents:

        ( )    Summons and Complaint;
        ( )    Order and Petition;
        ( )    Interrogatories;
        ( )    Requests for Production of Documents;
        ( )    Requests for Admissions;
        ( )    Subpoena;
        ( )    Subpoena Duces Tecum

upon _____.

        ( )    named defendant in the aforesaid lawsuit
             named on the legal document
        ( )    witness in the aforesaid lawsuit named on
             the legal documents

by serving true copy (copies) of the same upon (him) (her):

        ( )    in person;
        ( )    by delivering the aforesaid documents to _____, a member of (his) (her) family above the age of sixteen (16) at said defendant(s)' (witness') dwelling house or usual place of abode, (the defendant) (witness) then and there being present, and giving to such person information of the purport of the Summons and Complaint;
        ( )    by delivering the aforesaid legal documents to _____, the agent or attorney in fact authorized by appointment or statute to receive or accept service of process on (his) (her) (its) behalf, the West Virginia Secretary of State.

_____
PROCESS SERVER

STATE OF WEST VIRGINIA
COUNTY OF _____, TO-WIT:

Taken, subscribed and sworn to before me this _____ day of _____ 20_____. My commission expires _____.

_____
NOTARY PUBLIC

## AMENDED
## MEMORANDUM TO CLERK
## FOR INSTITUTING CIVIL ACTION

To the Clerk of the Circuit                          CIVIL ACTION NO. 12-C-37
Court of **DODDRIDGE** County, WV              Case Assigned to: _____

PATRICK D. LEGGETT;
KATHERINE F. LEGGETT;
GEORGE D. MCKAIN, by his
attorney in fact, ANITA
KATHRYN MCKAIN GREER;
and ADEL S. MCDOUGAL

        Plaintiffs,

v.                                          Days to Answer      Type of Service

**EQT PRODUCTION COMPANY**                      **30**                **Sec. of State**
Agent:  CT Corporation System
5400 D Big Tyler Road
Charleston, WV  25313

**EQT CORPORATION**                             **30**                **Sec. of State**
Agent:  CT Corporation System
5400 D Big Tyler Road
Charleston, WV  25313

        Defendants.

Marvin W. Masters (WVSB #2359)
The Masters Law Firm lc
181 Summers Street
Charleston, West Virginia  25301
(304) 342-3106

Michael W. Carey (WVSB #635)
Carey, Scott, Douglas & Kessler, PLLC
707 Virginia Street East, Suite 901
Charleston, West Virginia  25301
(304) 345-1234                              Date _____

PLAINTIFFS:  Patrick D. Leggett, et al.                    CASE NUMBER: 12-C-37
DEFENDANTS: EQT Production Company, et al.

II.    TYPE OF CASE:

        TORTS                              OTHER CIVIL

( ) Asbestos               ( ) Adoption              ( ) Appeal from Magistrate Court
( ) Professional           (X) Contract              ( ) Petition for Modification
     Malpractice           ( ) Real Property              of Magistrate Sentence
( ) Personal Injury        ( ) Mental Health         ( ) Miscellaneous Civil
( ) Product Liability      ( ) Appeal of Admin.      ( ) Other
(X) Other Tort                  Agency

III.   JURY DEMAND: (X ) Yes   ( ) No
       DATE CASE READY FOR TRIAL: <u>December 2013</u>

IV.    DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE
       SPECIAL ACCOMMODATIONS DUE TO A DISABILITY OR AGE?
       ( ) YES        (X) NO

       IF YES, PLEASE SPECIFY:
       ( )      Wheelchair accessible hearing room and other facilities
       ( )      Interpreter or other auxiliary aid for the hearing impaired
       ( )      Reader or other auxiliary aid for the visually impaired
       ( )      Spokesperson or other auxiliary aid for the speech impaired
       ( )      Other: _____

Attorneys:                                   Representing:

Marvin W. Masters (WVSB #2359)               (X) Plaintiffs  ( ) Defendant
The Masters Law Firm lc                      ( ) Cross-Complainant
181 Summers Street                           ( ) Cross-Defendant
Charleston, West Virginia 25301
(304) 342-3106

Michael W. Carey (WVSB #635)
Carey, Scott, Douglas & Kessler, PLLC
707 Virginia Street East, Suite 901
Charleston, West Virginia 25301
(304) 345-1234                               Date _12/12/12_

I hereby certify that the annexed instrument is a true
and correct copy of the original on file in this office.
Attest: DWIGHT E. MOORE
Circuit Court Doddridge County of West Virginia

_Dwight E. Moore_
        Clerk

                                             Signature

2

IN THE CIRCUIT COURT OF DODDRIDGE COUNTY, WEST VIRGINIA

PATRICK D. LEGGETT;
KATHERINE F. LEGGETT;
GEORGE D. MCKAIN, by his
attorney in fact, ANITA
KATHRYN MCKAIN GREER;
and ADEL S. MCDOUGAL,

        Plaintiffs,

v.

EQT PRODUCTION COMPANY,
a Pennsylvania corporation,
and EQT CORPORATION,
a Pennsylvania corporation,

        Defendants.

Civil Action No. _12 - C - 37_

DEC 0 7 2012

## CERTIFICATE OF SERVICE

I, Marvin W. Masters, counsel for Plaintiffs, do hereby certify that a true and exact copy of the foregoing "Plaintiffs' First Set of Requests for Production of Documents to Defendants" was placed with the Summons and Complaint in the above styled action, and will be served upon Defendants with the Summons and Complaint in accordance with the West Virginia Rules of Civil Procedure, this 5th day of December, 2012.

Marvin W. Masters
West Virginia State Bar No. 2359

F:\5\864\x1.docx

I hereby certify that the annexed instrument is a true and correct copy of the original on file in this office.
Attest: DWIGHT E. MOORE
Circuit Court Doddridge County of West Virginia

Dwight E. Moore
Clerk

4

IN THE CIRCUIT COURT OF DODDRIDGE COUNTY, WEST VIRGINIA

PATRICK D. LEGGETT;
KATHERINE F. LEGGETT;
GEORGE D. MCKAIN, by his
attorney in fact, ANITA
KATHRYN MCKAIN GREER;
and ADEL S. MCDOUGAL,

        Plaintiffs,

v.                            Civil Action No. _12-C-37_

EQT PRODUCTION COMPANY,
a Pennsylvania corporation,
and EQT CORPORATION,
a Pennsylvania corporation,

        Defendants.

DEC 0 7 2012

## CERTIFICATE OF SERVICE

I, Marvin W. Masters, counsel for Plaintiffs, do hereby certify that a true and exact copy of the foregoing "Plaintiffs' First Set of Interrogatories to Defendants" was placed with the Summons and Complaint in the above styled action, and will be served upon Defendants with the Summons and Complaint in accordance with the West Virginia Rules of Civil Procedure, this 5th day of December, 2012.

Marvin W. Masters
West Virginia State Bar No. 2359

F:\5\864\x1.docx

I hereby certify that the annexed instrument is a true and correct copy of the original on file in this office.
Attest: DWIGHT E. MOORE
Circuit Court Doddridge County of West Virginia

Dwight E. Moore
Clerk

3

IN THE CIRCUIT COURT OF DODDRIDGE COUNTY, WEST VIRGINIA

PATRICK D. LEGGETT;
KATHERINE F. LEGGETT;
GEORGE D. MCKAIN, by his
attorney in fact, ANITA
KATHRYN MCKAIN GREER;
and ADEL S. MCDOUGAL,

          Plaintiffs,

v.                                 Civil Action No. _12 -C-37_

EQT PRODUCTION COMPANY,
a Pennsylvania corporation,
and EQT CORPORATION,
a Pennsylvania corporation,

          Defendants.                 DEC 07 2012

## COMPLAINT

    Now come the plaintiffs and for their Complaint against the defendants allege

and aver as follows:

    1.     Plaintiffs, Patrick D. Leggett, Katherine F. Leggett, George D. McKain, by

his attorney in fact, Anita Kathryn McKain Greer, and Adel S. McDougal, are all owners

of undivided interests in certain oil and natural gas mineral interests lying and being in

Southwest District, Doddridge County, West Virginia, containing 2000 acres, more or

less, said interests described generally in lease dated October 31, 1906, and recorded in

the Office of the Clerk of the County Commission of Doddridge County, West Virginia

at Deed Book 21, Page 76, and referred to by defendants as Equitable Lease No. 109481

2

(Jackson Leeson).

2.     Plaintiffs Patrick Leggett and Katherine Leggett, who reside in Charleston, Kanawha County, West Virginia, are the owners of 12.5% undivided interest in the aforesaid minerals.

3.     Plaintiff Anita Kathryn McKain Greer is the duly appointed attorney in fact of plaintiff George D. McKain, who resides in Houston, Texas, and who owns a 12.5% undivided interest in and to the aforesaid oil and gas mineral property.

4.     Plaintiff Adel S. McDougal, who resides in Harrisville, Ritchie County, West Virginia, owns a 50% undivided interest in and to the aforesaid oil and gas mineral property.

5.     Defendant EQT Corporation (hereinafter "EQT") conducts its business through three business segments, EQT Production Company, EQT Midstream and Distribution.  EQT Production Company (hereinafter "Production") is one of the largest natural gas producers in the Appalachian Basin.  EQT Midstream provides gathering, transmission and storage services.   EQT distributes its gas through a regulated subsidiary, Equitable Gas Company, LLC.

6.     At all times complained of herein, EQT was a Pennsylvania corporation whose principal place of business was at 625 Liberty Avenue, Suite 1700, Pittsburgh, Pennsylvania, 15222, licensed to do business in West Virginia, in the business of the management of companies and enterprises including "Production."

7.     At all times complained of herein, EQT Production Company was and is a

2

Pennsylvania corporation whose principal place of business was at 625 Liberty Avenue, Suite 1700, Pittsburgh, Pennsylvania, 15222, and was licensed to do business in West Virginia, whose business included mining and oil and gas extraction.

8.     EQT Corporation (hereinafter "EQT") and EQT Production Company (hereinafter "Production"), by and through their predecessors, subsidiaries and/or partners, leased properties and acquired the leases of properties in West Virginia and prior to and during the times complained of herein said corporations acquired the leases and rights as lessee of plaintiffs' mineral interests in oil and gas on the property as described above.

9.     Upon information and belief, during the times complained of herein, when EQT and its predecessors owned Production and its subsidiaries:

      a.     EQT owned all of the stock of the Production.

      b.     EQT had common officers and/or directors with Production.

      c.     EQT financed and/or controlled the finances of Production, including its loans.

      d.     EQT, acting by and through its departments' other subsidiaries, which it owns, operates and controls, including Production, arranges for payment of or security for Production's indebtedness, salaries, expenses and losses through shared revenues of all of its subsidiaries.

      e.     Except for sale of oil and gas and its products, Production does

business primarily with EQT and its other subsidiaries.

f.     EQT's subsidiaries' assets are under the control of EQT.

g.     EQT publicly refers to its subsidiaries as business segments and states that it conducts its business, which includes Production, through three business segments.

h.     Upon information and belief, the officers and/or directors of Production take direction from EQT for the interest of EQT.

i.     EQT manages its daily operations through Production and its subsidiaries.

j.     EQT's assets consist primarily of the assets of its subsidiaries.

k.     EQT finances its subsidiaries and guarantees repayment of its subsidiaries' debt.

10.     At all times complained of herein, EQT owned, operated and controlled Production, the same as if the said corporation was a department of the same, and EQT was and is the alter ego of said defendant.

11.     At all times complained of herein, defendant Production was acting for and on behalf of EQT, and EQT was the alter ego of Production, and EQT is responsible for the acts and conduct of Production which is complained of in this complaint the same as if EQT did the acts complained of.

12.     At all times complained of herein, EQT was acting for and on its own behalf and by and through its agents, servants and employees and also by and through

its agent, Production.

13.    At all times complained of herein, EQT was engaged in a joint venture with Production and other subsidiaries to lease, explore, develop, produce, market, transport and sell oil and gas from West Virginia properties.

14.    At all times complained of herein, EQT and Production were lessees of oil and gas leases throughout West Virginia, including the plaintiffs' interests above, and each were obligated by duties under said leases to, among other duties, pay plaintiffs the amounts required pursuant to the laws of the State of West Virginia.

15.    EQT entered into a Settlement Agreement with certain royalty owners on January 23, 2009, to pay certain royalty owners and the class for past royalty due, however, EQT continues to take deductions from plaintiffs' royalty which is contrary to their leases and/or as required by law and has failed and refused to pay plaintiffs herein for all the royalty due them.

16.    Contrary to their contractual, legal, statutory and common law duties and responsibilities, EQT has and continues to take deductions, reduce plaintiffs' royalty payments, overcharge plaintiffs for the deductions that they do charge plaintiffs, and otherwise reduces plaintiffs' royalty on volume and/or price and/or by taking unauthorized deductions.

17.    Upon information and belief, defendants directly and/or indirectly converted plaintiffs' natural gas to liquids and sold the liquids for money without compensating plaintiffs for said liquids.

18.    Defendants have not paid to plaintiffs the royalties as required pursuant to said leases, and continue to not pay plaintiffs the royalty to which they are entitled.

19.    Defendants have and continue to report to the West Virginia State Tax Department moneys for royalties which plaintiffs have not received, thereby wrongfully increasing plaintiffs' taxes on moneys actually deducted and kept by defendants.

20.    While not having the right to charge plaintiffs with costs and unilaterally deducting same from their payments, defendants charged plaintiffs with costs and charges which were unreasonably excessive and unlawful and which amounted at times to as much as approximately 25% to 30% of the total amount of royalty due and owing to plaintiffs.

21.    Defendants had an affirmative duty to pay to plaintiffs the true and correct royalty due them, either by virtue of the lease agreement, by virtue of W. Va. Code Ann. § 22-6-8, and/or by virtue of the contractual duty of good faith and fair dealing in all contracts, and by virtue of the fiduciary duty and responsibility of the lessee in any oil and gas lease who assumes the duty of handling the sales and accounting functions of the parties.

22.    As part of the legal responsibilities of defendants, they agreed to and/or had the duty to account for all of the sales of gas from said wells and to accurately account for said wells and to act as a fiduciary for plaintiffs' moneys owed to plaintiffs as a result of royalties due to plaintiffs.

23.     Defendants violated said fiduciary responsibility.

24.     Defendants intentionally violated their contractual duty to plaintiffs.

25.     Defendants concealed, suppressed, and omitted material facts with intent that plaintiffs would rely upon same in connection with the bases for charging plaintiffs for specific services for marketing, transporting and processing and for other service charges associated with the calculation of plaintiffs' royalties and deductions therefrom.

26.     Plaintiffs relied upon defendants to truly, accurately, and properly carry out its contractual and fiduciary duties and responsibilities and to account to plaintiffs for payments due to plaintiffs and for any material deductions or reductions in royalty.

27.     As a result of the aforesaid conduct of defendants, plaintiffs were damaged in that they were deprived of and are owed royalty payments from defendants and are owed interest from said deficiencies in said royalty payments.

28.     The acts and conduct of defendants were willful and wanton and in utter disregard of plaintiffs' rights.

29.     At all times complained of herein, defendants were acting for and on their own behalf and as agents, ostensible agents, servants and/or employees of others in the course and scope of their employment, agency and/or ostensible agency.

30.     At all times complained of herein, defendants were acting as conspirators with unnamed persons, firms, and corporations in common goals, schemes, and designs for the goals and purposes as herein alleged and complained of.

31.    At all times complained of herein, defendants entered into a joint venture with others and with unnamed persons, firms and corporations for the goals and purposes as herein alleged and complained.

32.    As a proximate result of defendants' and each of their acts and omissions complained of herein, plaintiffs were damaged as follows:

      a.    Defendants failed to pay them the amount of money due and owed them at the time due.

      b.    Plaintiffs lost the use of the money due and owing them pursuant to the defendants' conduct.

      c.    Plaintiffs have been annoyed, inconvenienced and incurred unnecessary costs, expenses and taxation as a consequence of defendants' acts and conduct.

## COUNT I

Plaintiffs incorporate all allegations above, the same as if fully restated and re-alleged herein.

33.    Defendants violated and breached their contractual duties and responsibilities to plaintiffs, and plaintiffs were damaged as set out above.

34.    Plaintiffs are entitled to recover all the rents and royalties and other damages which they have been deprived by defendants' breach of contract.

## COUNT II

Plaintiffs incorporate all allegations above, the same as if fully restated and re-

alleged herein.

35.     Defendants violated their fiduciary duties and responsibilities to plaintiffs as aforesaid, and plaintiffs were damaged as aforesaid.

36.     Plaintiffs are entitled to be paid their rents and royalties and other damages as described above.

### COUNT III

Plaintiffs incorporate all allegations above, the same as if fully restated and re-alleged herein.

37.     Defendants misrepresented to plaintiffs that defendants were entitled to take deductions from plaintiffs' royalty, take the amount of deductions they took, reduced plaintiffs' royalty payments, overcharged plaintiffs for services, and/or wrongfully claimed plaintiffs' royalty due was less than the amount actually due, thereby denying plaintiffs the rents and royalties to which they were due.

38.     Plaintiffs were damaged by defendants' misrepresentations and fraudulent misconduct in that they were denied rents and royalties under the terms of their leases or as required by law.

### COUNT IV

Plaintiffs incorporate all allegations above, the same as if fully restated and re-alleged herein.

39.     The actions of defendants named in this "Complaint" as set forth herein above were done intentionally and with a reckless disregard for the rights of the

plaintiffs, entitling the plaintiffs to punitive damages for all causes of action alleged herein.

## PRAYER

WHEREFORE, plaintiffs demand that they be awarded damages and equitable and affirmative relief against defendants, jointly and/or severally, as follows:

a.  Compensatory damages and punitive damages in an amount to be determined by the Court and jury;

b.  Damages as provided for under and pursuant to W. Va. Code Ann. §§ 46A-6-101, *et seq.*, including compensatory and punitive damages and equitable and injunctive relief;

c.  The costs and disbursements of this action, including attorney fees;

d.  Prejudgment and post-judgment interest;

e.  Equitable and injunctive relief, including requiring an accounting and order requiring plaintiffs to be properly paid; and

f.  For such other further and general relief, compensatory, punitive, equitable, or injunctive, as the Court deems just and proper.

PLAINTIFFS DEMAND A TRIAL BY JURY.

> PATRICK D. LEGGETT;
> KATHERINE F. LEGGETT;
> GEORGE D. MCKAIN, by his
> attorney in fact, ANITA
> KATHRYN MCKAIN GREER;
> and ADEL S. MCDOUGAL
>
> By Counsel

Marvin W. Masters
West Virginia State Bar No. 2359
The Masters Law Firm lc
181 Summers Street
Charleston, West Virginia  25301
304-342-3106

Michael W. Carey
West Virginia State Bar No. 635
Carey, Scott, Douglas & Kessler, PLLC
707 Virginia Street East, Suite 901
Charleston, West Virginia  25301
304-345-1234

Counsel for Plaintiffs
F:\5\864\p001.docx

I hereby certify that the annexed instrument is a true
and correct copy of the original on file in this office.
Attest: DWIGHT E. MOORE
Circuit Court Doddridge County of West Virginia

                                    Clerk

11

# MEMORANDUM TO CLERK
# FOR INSTITUTING CIVIL ACTION

To the Clerk of the Circuit
Court of **DODDRIDGE** County, WV

CIVIL ACTION NO. _____ *12-C-37*
Case Assigned to: _____ *Sweeney*

PATRICK D. LEGGETT;
KATHERINE F. LEGGETT;
GEORGE D. MCKAIN, by his
attorney in fact, ANITA
KATHRYN MCKAIN GREER;
and ADEL S. MCDOUGAL

        Plaintiffs,

v.

| | Days to Answer | Type of Service |
|---|---|---|
| **EQUITABLE PRODUCTION COMPANY**<br>625 Liberty Avenue<br>Suite 1700<br>Pittsburgh, PA  15222 | **30** | **Sec. of State** |
| **EQT CORPORATION**<br>625 Liberty Avenue<br>Suite 1700<br>Pittsburgh, PA  15222 | **30** | **Sec. of State** |

        Defendants.

Please issue Summonses in the above styled action as indicated.

Original and four (4) copies of Complaint furnished herewith.

DEC 0 7 2012

DWIGHT E. MOORE
CIRCUIT CLERK

Marvin W. Masters (WVSB 2359)
The Masters Law Firm lc
181 Summers Street
Charleston, West Virginia  25301
304-342-3106

Michael W. Carey (WVSB 635)
Carey, Scott, Douglas & Kessler, PLLC
707 Virginia Street East, Suite 901
Charleston, West Virginia  25301
304-345-1234

Date _____ *12-7-12*

PLAINTIFFS:  Patrick D. Leggett, et al.          CASE NUMBER:   _12 - C - 37_

DEFENDANTS: Equitable Production Company, et al.

II.   TYPE OF CASE:

TORTS                                    OTHER CIVIL

( ) Asbestos                ( ) Adoption              ( ) Appeal from Magistrate Court
( ) Professional            (✓) Contract             ( ) Petition for Modification
    Malpractice          ( ) Real Property            of Magistrate Sentence
( ) Personal Injury         ( ) Mental Health         ( ) Miscellaneous Civil
( ) Product Liability       ( ) Appeal of Admin.      ( ) Other
(X) Other Tort                  Agency

III.   JURY DEMAND: (X) Yes   ( ) No
      DATE CASE READY FOR TRIAL:   _12 / 2013_

IV.   DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE
    SPECIAL ACCOMMODATIONS DUE TO A DISABILITY OR AGE?
    ( ) YES        (X) NO

    IF YES, PLEASE SPECIFY:
    ( )      Wheelchair accessible hearing room and other facilities
    ( )      Interpreter or other auxiliary aid for the hearing impaired
    ( )      Reader or other auxiliary aid for the visually impaired
    ( )      Spokesperson or other auxiliary aid for the speech impaired
    ( )      Other: _____

Attorneys:                                Representing:

Marvin W. Masters (WVSB #2359)            (X) Plaintiffs  ( ) Defendant
The Masters Law Firm lc                   ( ) Cross-Complainant
181 Summers Street                        ( ) Cross-Defendant
Charleston, West Virginia  25301
(304) 342-3106

Michael W. Carey (WVSB 635)
Carey, Scott, Douglas & Kessler, PLLC
707 Virginia Street East, Suite 901
Charleston, West Virginia  25301
304-345-1234

I hereby certify that the annexed instrument is a true
and correct copy of the original on file in this office.
Attest: DWIGHT E. MOORE
Circuit Court Doddridge County of West Virginia

_Dwight E. Moore_
      Clerk

Date   _12 / 5 / 12_

_____
        Signature

2