IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

PATRICK D. LEGGETT,
KATHERINE F. LEGGETT,
GEORGE D. McKAIN,
by his attorney in fact,
ANITA KATHRYN McKAIN GREER,
and ADELE S. McDOUGAL,

          Plaintiffs,

v.                                          Civil Action No. 1:13CV4
                                                      (STAMP)
EQT PRODUCTION COMPANY,
a Pennsylvania corporation,
EQT CORPORATION,
a Pennsylvania corporation,
EQT ENERGY, LLC,
a Delaware limited liability company,
EQT INVESTMENTS HOLDINGS, LLC,
a Delaware limited liability company,
EQT GATHERING, LLC,
a Delaware limited liability company
and EQT MIDSTREAM PARTNERS, LP,
a Delaware limited liability company,

          Defendants.


**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
DEFENDANT EQT PRODUCTION COMPANY'S
PARTIAL MOTION TO DISMISS AND
GRANTING IN PART AND DENYING IN PART
THE REMAINING DEFENDANTS' MOTION TO DISMISS**

I.  Procedural History

     The defendants removed this action from the Circuit Court of

Doddridge County, West Virginia.  In their complaint, the

plaintiffs assert that the defendants failed to pay the plaintiffs

the full amount of royalties due to them under the terms of an oil

and gas lease.  The plaintiffs claim that the defendants are the

lessees of their undivided oil and gas mineral interests. Pursuant to their lease, the plaintiffs allege that the defendants have (1) improperly calculated the owed royalties, (2) taken unauthorized deductions for the plaintiffs' royalties, (3) reduced the volume and price of their oil and gas operations as they affect the royalties, and (4) misrepresented the accounting of the royalties. As a result of those actions, the plaintiffs asserted four claims in their complaint. Those claims are for breach of contract, breach of fiduciary duties, fraud, and punitive damages, respectively. The plaintiffs also sought relief under the West Virginia Consumer Credit Protection Act ("WVCCPA"). Later, the plaintiffs filed an unopposed motion to amend the complaint, which this Court granted. ECF No. 50.[1]

The defendants then filed two separate motions to dismiss. EQT Production Company ("EQT") filed a partial motion to dismiss regarding three of the plaintiffs' claims. ECF No. 68. First, EQT argues that the plaintiffs' breach of a fiduciary duty claim must be dismissed because EQT owed no such duty to the plaintiffs. Second, EQT asserts that the plaintiffs' claims for misrepresentation and fraud must be dismissed because they fail to state that claim with sufficient particularity. Third, EQT

---

[1]Prior to ruling on the plaintiffs' motion to amend the complaint, the defendants filed motions to dismiss. Upon granting the plaintiffs' motion, this Court subsequently denied the defendants' previous motions to dismiss as moot.

believes that the complaint fails to state a claim under the WVCCPA because the plaintiffs are not "consumers," the lease is not a "consumer lease," and EQT is not a "debt collector" or "creditor."

Following EQT's partial motion to dismiss, EQT Corporation, EQT Energy, LLC, EQT Gathering LLC, EQT Investment Holdings, LLC, and EQT Midstream Partners, LP[2] ("non-lessee defendants") filed a motion to dismiss. ECF No. 70. First, they claim that the plaintiffs' breach of contract claims against them must be dismissed because no privity of contract exists between them. Second, the non-lessee defendants argue that the plaintiffs' breach of a fiduciary duty claim must be dismissed because they owed no such duty. Third, the non-lessee defendants believe that the plaintiffs' claims for misrepresentation and fraud must be dismissed because they fail to state that claim with particularity. Fourth, if this Court grants their motion to dismiss in its entirety, the non-lessee defendants argue that the plaintiffs' claim for punitive damages against them must be dismissed. Fifth, the non-lessee defendants argue that a claim under the WVCCPA is inapplicable because the plaintiffs are not "consumers," the lease is not a "consumer lease," and the non-lessee defendants are not a "debt collector" or "creditor."

---

[2]The parties stipulated to, and this Court accepted, the dismissal without prejudice of EQT Midstream Partners, LP. ECF No. 82.

The plaintiffs first responded in opposition to EQT's partial motion to dismiss. ECF No. 73. In that response, the plaintiffs first indicate that they did not intend to plead a claim under the WVCCPA. Because of that, the plaintiffs do not oppose an order from this Court directing that the plaintiffs' reference to the WVCCPA be stricken from the record. As for EQT's remaining arguments, the plaintiffs assert that (1) EQT owes a fiduciary duty to the plaintiffs based on the lease, and (2) the plaintiffs' fraud claim is adequately plead. ECF No. 73. The plaintiffs then filed a response to the non-lessee defendants' motion to dismiss. ECF No. 74. The plaintiffs first argue that privity exists between them and the non-lessee defendants, or at least contractual liability exists against those defendants, because the defendants are "alter egos" of one another. Further, the plaintiffs assert that they adequately pleaded their fraud claim. In particular, the plaintiffs believe that the nature of the fraud at issue, which involved concealing information, requires a lower pleading standard as compared to "direct" fraud. The plaintiffs next claim that the non-lessee defendants owe a fiduciary duty to the plaintiffs based on the lease. Finally, the plaintiffs believe that their claim for punitive damages should not be dismissed at this stage of the civil action. The plaintiffs also indicate that they do not intend to assert any claims under the WVCCPA as to the non-lessee defendants. Thus, they do not oppose an order from this Court directing that

the plaintiffs' reference to the WVCCPA be stricken. EQT and the non-lessee defendants filed timely replies to their motions, in which they reasserted their initial arguments and contested those of the plaintiffs. ECF Nos. 75 and 76. For the reasons set forth below, EQT's partial motion to dismiss and the non-lessee defendants' motion to dismiss are granted in part and denied in part.

## II. <u>Facts</u>

The plaintiffs own undivided interests in certain oil and gas mineral deposits located in Doddridge County, West Virginia. EQT conducts its business through certain entities, which the plaintiffs allege includes the non-lessee defendants. The parties allege that the plaintiffs leased the rights to produce, market, and sell their oil and gas from those mineral deposits. ECF No. 71. Allegedly, EQT is the only party to that lease. Through designs and plans concerning EQT's oil and gas operations, the plaintiffs claim that the defendants attempted to either avoid or lower the royalty payments owed to the plaintiffs. In particular, the plaintiffs allege that EQT and the non-lessee defendants operated by "selling [EQT's] gas and charging off to lessors the expenses" that the non-lessee defendants incurred through EQT's operations. ECF No. 52. As a result of the defendants' actions, the plaintiffs assert that they received lower royalty payments. Further, by allegedly underpaying the plaintiffs, the plaintiffs

believe that the defendants violated their fiduciary and contractual duties.

## III.  Applicable Law

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must accept all well-pled facts contained in the complaint as true.  Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc, 591 F.3d 250, 255 (4th Cir. 2009).  However, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes."  Id. (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)).  This Court also declines to consider "unwarranted inferences, unreasonable conclusions, or arguments."  Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n.26 (4th Cir. 2009).

It has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case.  5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (3d ed. 1998).  The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact.  Id.  For

purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). <u>Id.</u> § 1357.

A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on is face.'" <u>Giarratano v. Johnson</u>, 521 F.3d 298, 302 (4th Cir. 2008) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "Facial plausibility is established once the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" <u>Nemet Chevrolet</u>, 591 F.3d at 256 (quoting <u>Iqbal</u>, 129 S. Ct. at 1949). Detailed factual allegations are not required, but the facts alleged must be sufficient "to raise a right to relief above the speculative level." <u>Twombly</u>, 550 U.S. at 555.

## IV. <u>Discussion</u>

As discussed earlier, EQT and the non-lessee defendants each filed separate motions to dismiss. In particular, EQT filed a partial motion to dismiss regarding the plaintiffs' claims of (1) breach of fiduciary duty, (2) fraud and misrepresentation, and (3) violations under the WVCCPA. ECF No. 68. In the non-lessee defendants' motion to dismiss, they seek to have all claims

asserted against them dismissed.  Those motions are discussed below.

A.   <u>EQT Production Company's Partial Motion to Dismiss</u>

    1.   <u>Breach of Fiduciary Duty</u>

In its partial motion to dismiss, EQT first argues that the plaintiffs' breach of fiduciary duty claim must be dismissed.  The defendants argue that no such duty exists between the lessee of a gas well and a royalty owner.  In response, the plaintiffs admit that many courts have held that a fiduciary duty does not exist between lessor and lessees of a natural gas lease.  However, the plaintiffs argue that the duties and responsibilities that a lessee assumes in the natural gas lease context are significantly different than in circumstances such as a landlord and tenant.  In particular, the plaintiffs essentially argue that they relied on EQT to calculate and provide the plaintiffs their royalty payments.  Based on their trust and faith in EQT, the plaintiffs believe that a fiduciary duty should exist.

A fiduciary duty is a "duty to act for someone else's benefit, while subordinating one's personal interests to that of the other person.  It is the highest standard of duty implied by law[.]" <u>Elmore v. State Farm Mut. Ins. Co.</u>, 504 S.E.2d 893, 898 (W. Va. 1998) (internal citations omitted).  Under West Virginia law, however, a duty of "ordinary prudence" exists between a lessor and lessee concerning oil and gas leases.  <u>Grass v. Big Creek</u>

Development Co., 84 S.E. 750 (W. Va. 1915); see also Cather v. Seneca-Upshur Petroleum, Inc., 1:09CV139, 2010 WL 3271965 at *5 (N.D. W. Va. Aug. 18, 2010); Wellman v. Bobcat Oil & Gas, Inc., 3:10CV147, 2010 WL 2720748 at *3 (S.D. W. Va. July 8, 2010).

Applying the above legal standard to the plaintiffs' breach of a fiduciary duty claim, EQT's partial motion to dismiss regarding that claim must be granted. As West Virginia law provides, only a duty of ordinary prudence, rather than that of a fiduciary applies. Further, to the extent that the plaintiffs believe that placing their trust in EQT regarding royalty payments and calculations creates such a duty, that argument is misguided. As the Supreme Court of Appeals of West Virginia provided in Elmore, "'as a general rule, a fiduciary relationship is established only when it is shown that the confidence reposed by one person was actually accepted by the other, and merely reposing confidence in another may not, of itself, create the relationship.'" 504 S.E.2d at 899 (internal citations omitted). Although the plaintiffs allegedly placed their trust and faith in EQT to properly determine the royalty payments, no allegations have been made that EQT accepted such confidence for the purposes of creating a fiduciary relationship. In addition to that lack of acceptance, EQT does not appear to be under any obligation to subordinate its interests to those of the plaintiffs. Therefore, such a duty does not apply to the lease between EQT and the plaintiffs. Accordingly, EQT's

9

partial motion to dismiss regarding the plaintiffs' breach of a fiduciary duty claim must be granted.

 2. <u>Fraud and Misrepresentation</u>

EQT next seeks to dismiss the plaintiffs' claim of fraud. Specifically, EQT argues that the plaintiffs failed to plead the claim with particularity, both under West Virginia law and Rule 9(b) of the Federal Rules of Civil Procedure ("Rule 9"). In response, the plaintiffs assert that the fraud that occurred consisted of omissions and concealment rather than "direct" fraud. Because of that, the plaintiffs argue that a lower pleading standard applies to their claim of fraud.

Rule 9 states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Further, the United States Court of Appeals for the Fourth Circuit has noted that the "'circumstances' required to be pled with particularity under Rule 9(b) are 'the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" <u>Harrison v. Westinghouse Savannah River Co.</u>, 176 F.3d 776, 784 (4th Cir. 1999) (internal citations omitted). As also stated in <u>Harrison</u>, "A court should hesitate to dismiss a complaint under Rule 9(b) if the court is satisfied (1) that the defendant has been made aware of the

particular circumstances for which she will have to prepare a defense at trial, and (2) that plaintiff has substantial prediscovery evidence of those facts." In cases involving allegations of fraud relating to "an omission instead of an affirmative misrepresentation," however, "less particularity is required." <u>In Town Hotels Ltd. Partnership v. Marriot Int'l, Inc.</u>, 246 F. Supp. 2d 469, 487 (S.D. W. Va. 2003) (citing <u>Shaw v. Brown & Williamson Tobacco Corp.</u>, 973 F. Supp. 539, 552 (D. Md. 1997)).

In addition to the standards under Rule 9, West Virginia law provides the following essential elements in a fraud claim: "(1) that the act claimed to be fraudulent was the act of the defendant or induced by him; (2) that it was material and false; (3) that plaintiff relied on it and was justified under the circumstances in relying upon it; and (4) that he was damaged because he relied on it." Syl. Pt. 5, <u>Folio v. City of Clarksburg</u>, 655 S.E.2d 143 (W. Va. 2007) (internal citations omitted). Further, West Virginia law recognizes that as a "general principle[,] [] an action for fraud can arise by the concealment of truth." <u>Teter v. Old Colony Co.</u>, 441 S.E.2d 728, 734 (W. Va. 1994) (quoting <u>Thacker v. Tyree</u>, 297 S.E.2d 885, 888 (W. Va. 1982)).

Under the law discussed above, the plaintiffs have sufficiently pleaded their claim of fraud. First, regarding the nature of the fraud at issue, the plaintiffs are correct in asserting that a lesser pleading standard applies to fraud by

concealment within the context of Rule 9.  Second, the plaintiffs satisfied that pleading requirement under West Virginia law. Namely, the plaintiffs indicate in their complaint that (1) EQT concealed and omitted material facts regarding the calculation of royalty payments; (2) that such facts were material and, when EQT's representations were effected, allegedly proved to be false as to what was represented to the plaintiffs; (3) that the plaintiffs relied on EQT's calculations and representations regarding the royalty payments; and (4) that the plaintiffs received smaller royalty payments, thus resulting in damages.  ECF No. 52 ¶¶ 42-57. Therefore, it appears that the plaintiffs have adequately pleaded their claim of fraud, as provided in the context of fraud by concealment or omission.  Thus, EQT's partial motion to dismiss concerning the fraud claim must be denied.

    3.  <u>Violations of the Consumer Credit and Protection Act</u>

As noted earlier, the plaintiffs indicate in their response that they did not intend to assert a claim for relief under the WVCCPA.  Further, they maintain no objection to striking that claim from the record.  As a result, EQT, in its reply, argues that its partial motion to dismiss should be granted regarding the plaintiffs' claims under the WVCCPA.  Based on the record and the parties' filings, EQT's partial motion to dismiss concerning the plaintiffs' WVCCPA claims is granted and thus, that claim is dismissed without prejudice.

B.  <u>Non-Lessee Defendants' Motion to Dismiss</u>

As provided earlier, the non-lessee defendants filed a motion to dismiss regarding all claims against them.  ECF No. 70.  In their response in opposition, the plaintiffs first argue that they have adequately pleaded their claims against the defendants, including their assertions based on the alter ego doctrine.  In their reply, the non-lessee defendants note that, if this Court finds that the plaintiffs adequately pleaded their claims, their motion to dismiss should still be granted because the plaintiffs did not allege sufficient facts to show that the defendants are alter egos of each other.

1.  <u>Breach of Contract</u>

Regarding the plaintiffs' breach of contract claim, the non-lessee defendants argue that no privity exists between the plaintiffs and the non-lessee defendants.  In particular, they assert that the only parties to the lease at issue are EQT and the plaintiffs.  The plaintiffs, however, assert that the non-lessee defendants operate as the alter egos of each other.  Therefore, under the instrumentality doctrine, such privity allegedly exists.[3]

_____

[3]It should be noted that the parties refer to the plaintiffs' argument as being based on an "alter ego" doctrine concerning its claims against the non-lessee defendants.  However, as the Supreme Court of Appeals of West Virginia noted in <u>Raleigh County Nat'l Bank</u>, "It is usual that the alter ego theory seeks access to shareholders' assets for corporate liabilities, whereas "instrumentality" is generally employed to hold one corporation liable for the acts or contractual obligations of another corporation that is within its total control." (internal citations

The defendants, however, note in their reply that the complaint contains no facts that demonstrate that the non-lessee defendants are the alter egos of one another.  Rather, they believe that the plaintiffs only assert that the alter ego relationship exists between certain defendants, rather than to all of them.  Because of that, the non-lessee defendants believe that the plaintiffs' breach of contract claim as to them should be dismissed.

West Virginia law provides that "[o]ne not a party to a contract nor in privity with either of the parties thereto may not maintain a suit at law thereon, unless the promise or undertaking relied upon is made for his sole benefit."  Syl., Petty v. Warren, 110 S.E. 826 (W. Va. 1922).  Regarding oil and gas leases, such a lease is both a conveyance and a contract.  Bryan v. Big Two Mile Gas Co., 577 S.E.2d 258, 265 (W. Va. 2001); Jolynne Corp. v. Michels, 446 S.E.2d 494, 499-500 (W. Va. 1994).  Because of the contractual nature of oil and gas leases, principles of contract law generally govern their interpretation.  See id.; Iafolla v. Douglas Pocahontas Coal Corp., 250 S.E.2d 128 (W. Va. 1978) (applying contract principles to an oil and gas lease).

Concerning corporations, West Virginia law recognizes that "separately incorporated business are separate entities and that

---

omitted).  320 S.E.2d at 521 n.9.  Based on the plaintiffs' arguments, it appears that they seek to employ the instrumentality rather than alter ego doctrine.  Therefore, this Court will refer to the applicable doctrine in this case, which is the instrumentality doctrine.

14

corporations are separate from their shareholders." Syl. Pt. 3,

<u>Southern Elec. Supply Co. v. Raleigh County Nat'l Bank</u>, 320 S.E.2d

515 (W. Va. 1984). Instances exist, however, where the corporate

form of separate entities may be ignored. In particular, West

Virginia law states that "'[j]ustice may require that courts look

beyond the bare legal relationship of the parties to prevent the

corporate form from being used to perpetrate justice, defeat public

convenience or justify wrong. However, the corporate form will

never be disregarded lightly.'" <u>Laya v. Erin Homes, Inc.</u>, 352

S.E.2d 93, 97 (W. Va. 1986) (quoting <u>Southern States Cooperative,

Inc. v. Dailey</u>, 280 S.E.2d 821, 827 (W. Va. 1981)). In cases

alleging breach of contract, contractual liability may apply to the

allegedly separate corporate entities. As the court stated in

<u>Dailey</u>:

> The mere showing that one corporation is owned by another
> or that they share common officers is not a sufficient
> justification for a court to disregard their separate
> corporate structure. (internal citation omitted). Nor is
> mutuality of interest, without the countermingling of
> funds or property interests, or prejudice to creditors,
> sufficient. (internal citation omitted). Rather, it must
> be shown that the corporation is so organized and
> controlled to be a mere adjunct or instrumentality of the
> other.

280 S.E.2d at 827. When determining whether to ignore the

corporate form, however, "it is not easily proved and the burden of

proof is on a party soliciting a court to disregard a corporate

structure." <u>Raleigh County Nat'l Bank</u>, 320 S.E.2d at 522. If that

corporate form, or veil, is "pierced," then that corporation "may

be liable for behavior of another corporation within its total control." Id. When analyzing whether to pierce the corporate form, West Virginia requires courts to engage in a case-by-case analysis, "with particular attention to factual details." Id. at 523. In particular, the following factors are used when determining whether to pierce the corporate veil:

> Decisions to "pierce" involve multifarious considerations, including inadequacy of capital structures, whether personal and corporate funds have been commingled without regard to corporate form by a sole shareholder, whether two corporations have commingled their funds so that their accounts are interchangeable; whether they have failed to follow corporate formalities, siphoning funds from one corporation to another without regard to harm caused either entity, or failed to keep separate records. Other reasons to disregard the structure are: total control and dominance of one corporation by another or a shareholder; existence of a dummy corporation with no business activity or purpose; violation of law or public policy; a unity of interest and ownership that causes one party or entity to be indistinguishable from another; common shareholders, common officers and employees, and common facilities.

Id. Finally, when analyzing the above factors, evidence related to them must be "analyzed in conjunction with evidence that a corporation attempted to use its corporate structure to perpetrate a fraud or do grave injustice on an innocent third party seeking to 'pierce the veil.'" Id. (internal citations omitted).

After examining the above case law, the non-lessee defendants' motion to dismiss regarding the breach of contract claim must be denied. The non-lessee defendants are correct in pointing out that the plaintiffs did not specifically allege that EQT and the non-

16

lessee defendants are alter egos, or instrumentalities, of each other.  Rather, the plaintiffs only point to the relationships between EQT and certain non-lessee defendants.  Despite that, this Court still finds that the plaintiffs have adequately pleaded their breach of contract claim such that, at this time, the non-lessee defendants' motion to dismiss must be denied.  Specifically, the plaintiffs allege sufficient facts that demonstrate that the instrumentality doctrine may apply.  ECF No. 52 ¶¶ 14-26.  In particular, they point to the stock ownership, activities, and responsibilities of the non-lessee defendants and EQT. Furthermore, as stated in <u>Laya</u>, "the propriety of piercing the corporate veil should rarely be determined upon a motion for summary judgment.  Instead, the propriety of piercing the corporate veil usually involves numerous questions of fact for the trier of the facts to determine upon all of the evidence."  352 S.E.2d at syl. pt. 6.  If determining the propriety of piercing the corporate veil should rarely be decided on a motion for summary judgment, then determining that claims' propriety on a motion to dismiss should likely be an even more infrequent event.  Accordingly, the non-lessee defendants' motion to dismiss, as to the plaintiffs' breach of contract claim, must be denied.

> 2.  <u>Breach of Fiduciary Duty</u>

As discussed above, a duty of "ordinary prudence" exists between a lessor and lessee concerning oil and gas leases.  <u>Grass</u>,

84 S.E. at 750. To the extent that the plaintiffs believe that placing their trust in EQT, and thereby the non-lessee defendants under the instrumentality doctrine, regarding royalty payments and calculations creates such a duty, that argument is equally misguided. West Virginia law does not impose a fiduciary duty on lessors and lessees in the oil and gas context. The plaintiffs attempt to argue that this Court should stray from precedent regarding oil and gas leases and the duty that applies in that context. In this case, that should not occur. The law in West Virginia does not impose a fiduciary duty on the non-lessee defendants in the oil and gas context. Therefore, as this Court determined regarding EQT's partial motion to dismiss, the non-lessee defendants' motion to dismiss concerning the breach of fiduciary duty must be granted.

     3.   <u>Fraud or Misrepresentation</u>

As previously discussed, Rule 9 states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." In cases involving allegations of fraud relating to "an omission instead of an affirmative misrepresentation," however, "less particularity is required." <u>In Town Hotels Ltd. Partnership</u>, 246 F. Supp. 2d at 487 (citing <u>Shaw</u>, 973 F. Supp. at 552).

As discussed earlier, West Virginia law also provides the following essential elements in a fraud claim: "(1) that the act claimed to be fraudulent was the act of the defendant or induced by him; (2) that it was material and false; (3) that plaintiff relied on it and was justified under the circumstances in relying upon it; and (4) that he was damaged because he relied on it." Folio, 655 S.E.2d at Syl. Pt. 5 (internal citations omitted). Further, West Virginia law recognizes that as a "general principle[,] [] an action for fraud can arise by the concealment of truth." Teter, 441 S.E.2d at 734 (internal citation omitted).

Under the above case law, the plaintiffs have sufficiently pleaded their claim of fraud against the non-lessee defendants. First, regarding the nature of the fraud at issue, the plaintiffs are correct in asserting that a lesser pleading standard applies to fraud by concealment within the context of Rule 9. Second, the plaintiffs satisfied the pleading requirement under West Virginia law. Namely, the plaintiffs indicate in their complaint that (1) the non-lessee defendants, under the instrumentality doctrine, concealed and omitted material facts regarding the calculation of royalty payments; (2) that such facts were material and, when the non-lessee defendants' representations were acted upon, proved to be false as to what allegedly was represented to the plaintiffs; (3) that the plaintiffs relied on the non-lessee defendants' calculations of royalty payments; and (4) that the plaintiffs

received a smaller amount of royalty payments than they were owed, thus resulting in damages. ECF No. 52 ¶¶ 42-57. Therefore, it appears that the plaintiffs have adequately pleaded their claim of fraud, as provided in the context of fraud by concealment or omission. Thus, the non-lessee defendants' motion to dismiss concerning the fraud claim must be denied.

4. <u>Punitive Damages</u>

In their motion to dismiss, the non-lessee defendants argue that if this Court dismisses all of the plaintiffs' claims against them, then no basis exists to award compensatory damages. Because of that, the non-lessee defendants argue that the plaintiffs' claims for punitive damages must be dismissed. In response, the plaintiffs argue that, contrary to the non-lessee defendants' assertions, they have adequately pleaded their claims. Therefore, the motion to dismiss should be denied as to the claim for punitive damages.

The non-lessee defendants are correct in that "a finding of compensatory damages by a jury is an indispensable predicate to a finding of exemplary or punitive damages[.]" <u>LaPlaca v. Odeh</u>, 428 S.E.2d 322, 324 (W. Va. 1993). However, the plaintiffs' claims have not been dismissed in their entirety so as to eliminate the opportunity for compensatory damages. Because of that, the non-lessee defendants' motion to dismiss concerning punitive damages must be denied.

5. <u>Violation of the Consumer Credit and Protection Act</u>

As noted earlier, the plaintiffs indicate in their response that they did not intend to assert a claim for relief under the WVCCPA. Further, they maintain no objection to striking that claim from the record. As a result, the non-lessee defendants, in their reply, argue that their motion to dismiss should be granted regarding the plaintiffs' claims under the WVCCPA. Based on the record and the parties' filings, the non-lessee defendants' motion to dismiss concerning the plaintiffs' WVCCPA claims is granted, and that claim as to the non-lessee defendants is dismissed without prejudice.

## V. <u>Conclusion</u>

For the reasons discussed above, EQT's partial motion to dismiss (ECF No. 68) is GRANTED IN PART AND DENIED IN PART. Further, the non-lessee defendants' motion to dismiss (ECF No. 70) is GRANTED IN PART AND DENIED IN PART.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:   March 17, 2015


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE