```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


PATRICK D. LEGGETT,
KATHERINE F. LEGGETT,
GEORGE D. McKAIN,
by his attorney in fact,
ANITA KATHRYN McKAIN GREER,
and ADELE S. McDOUGAL,

          Plaintiffs,

v.                                     Civil Action No. 1:13CV4
                                                        (STAMP)
EQT PRODUCTION COMPANY,
a Pennsylvania corporation,
EQT CORPORATION,
a Pennsylvania corporation,
EQT ENERGY, LLC,
a Delaware limited liability company,
EQT INVESTMENTS HOLDINGS, LLC,
a Delaware limited liability company,
EQT GATHERING, LLC,
a Delaware limited liability company
and EQT MIDSTREAM PARTNERS, LP,
a Delaware limited partnership,

          Defendants.
```

## ORDER OF CERTIFICATION TO THE
## SUPREME COURT OF APPEALS OF WEST VIRGINIA

Because this civil action involves several questions of West Virginia law that may determine the outcome of this action and because it appears to this Court that there may be no controlling precedent in the decisions of the Supreme Court of Appeals of West Virginia, this Court respectfully requests that the questions of law set forth below be answered by the Supreme Court of Appeals pursuant to the Uniform Certification of Questions of Law Act, West Virginia Code § 51-1A-1, et seq.

   I.   Procedural History and Factual Background

Defendant EQT Production Company ("EQT"), the lessee, and defendants EQT Corporation, EQT Energy, LLC, EQT Gathering LLC, EQT

Investment Holdings, LLC, and EQT Midstream Partners, LP (collectively, the "non-lessee defendants") removed this action from the Circuit Court of Doddridge County, West Virginia. The plaintiffs are owners of undivided interests in oil and natural gas interests described in a lease agreement, which was originally entered into on October 31, 1906 ("1906 lease"), and recorded in the Office of the Clerk of the County Commission of Doddridge County, West Virginia at Deed Book 21, Page 76.

The plaintiffs in this civil action own the following undivided interests of the oil and gas interests under the 1906 lease: (1) plaintiffs Patrick Leggett and Katherine Leggett are the owners of a 12.50% undivided interest; (2) plaintiff Anita Kathryn McKain Greer is the duly appointed attorney in fact for plaintiff George D. McKain, who owns a 12.50% undivided interest; and (3) plaintiff Adele S. McDougal owns a 50.00% undivided interest. The owners of the remaining 25.00% interest are not parties to this action. The 1906 lease provides payment of a flat-rate royalty of $300/annum for each natural gas well drilled upon the leased premises. The 1906 lease has since been amended by four "Amendment and Ratification of Oil and Gas Lease" agreements ("amendment agreements"). Those four amendment agreements represent one for each plaintiff as captioned in this civil action. The amendment agreements are dated from January 2009 to April 2011. EQT Production Company is the successor-in-interest to the Philadelphia Company of West Virginia and the current lessee of the 1906 lease, with the exclusive right to produce, market, and sell oil and natural gas from the premises that are identified under the 1906

lease. Further, each amendment agreement identifies EQT as the lessee, and EQT signed each amendment agreement.

On March 13, 1982, West Virginia Code § 22-6-8, which is sometimes referred to as the "Flat-Rate Statute," was enacted, and became effective 90 days thereafter. The 1906 lease refers to nine wells on the premises, and some of these wells are subject to the provisions of the Flat-Rate Statute. As a result of that statute, EQT, as lessee, is required to pay royalties to the plaintiffs for those wells in accordance with the Flat-Rate Statute's terms. Pursuant to the provisions of the 1906 lease and amendment agreements, EQT has paid a flat-rate royalty to plaintiffs for wells on the premises identified under the 1906 lease that are not subject to the Flat-Rate Statute.

In their complaint, the plaintiffs assert that the defendants failed to pay the plaintiffs the full amount of royalties due to them under the terms of the 1906 lease and amendment agreements by wrongfully deducting the post-production costs of extraction. As a result, the plaintiffs asserted the following four claims: (1) breach of contract, (2) breach of fiduciary duties, (3) fraud, and (4) punitive damages. EQT and the non-lessee defendants each filed motions for summary judgment. This Court granted summary judgment in favor of the non-lessee defendants as to all of their claims. As to EQT, however, this Court granted in part EQT's motion as to the fraud claim and punitive damages claim. This Court deferred ruling on the breach of contract claim as to EQT and vacated the remaining deadlines in this civil action.

The remaining issue in this civil action is the effect of the holding in Tawney v. Columbia Natural Resources, L.L.C., 219 W. Va. 266, 633 S.E.2d 22 (2006), to the Flat-Rate Statute's use of the phrase "at the wellhead." The parties dispute as to what "at the wellhead," as found under the Flat-Rate Statute rather than in a lease, means in relation to when or if certain post-production costs may be deducted from royalties.

## II.  Certified Questions

1. Does Tawney v. Columbia Natural Resources, L.L.C., 219 W. Va. 266, 633 S.E.2d 22 (2006), which was decided after the enactment of West Virginia Code § 22-6-8, have any effect upon the Court's decision as to whether a lessee of a flat-rate lease, converted pursuant to West Virginia Code § 22-6-8, may deduct post-production expenses from his lessor's royalty, particularly with respect to the language of "1/8 at the wellhead" found in West Virginia Code § 22-6-8(e)?

2. Does West Virginia Code § 22-6-8 prohibit flat-rate royalties only for wells drilled or reworked after the statute's enactment and modify only royalties paid on a per-well basis where permits for new wells or to modify existing wells are sought, or do the provisions of West Virginia Code § 22-6-8 abrogate flat-rate leases in their entirety?

This civil action is STAYED pending an answer to the above certified questions of law.

This Court shall deliver to the Supreme Court of Appeals of West Virginia the record or any portion thereof upon notification from the Clerk of the Supreme Court of Appeals of West Virginia.

The parties have indicated that the following portions of the record should be considered by the Supreme Court of Appeals of West Virginia:

1. The Amended Complaint (ECF No. 52);

2. EQT Production Company's Partial Answer and Affirmative and Other Defenses to Plaintiffs' Amended Complaint (ECF No. 67);

3. Motion for Summary Judgment of EQT Production Company, with exhibits (ECF No. 152);

4. Memorandum in Support of EQT Production Company's Motion for Summary Judgment (ECF No. 153);

5. Plaintiffs' Response in Opposition to Motion for Summary Judgment of Defendant EQT Production Company, with exhibits (ECF No. 162);

6. EQT Production Company's Reply to Plaintiffs' Response in Opposition to Motion for Summary Judgment (ECF No. 164);

7. Correspondence to the Court forwarding a legible copy of the 1906 lease (ECF No. 167); and

8. Memorandum Opinion and Order Granting in Part Defendant EQT Production Company's Motion for Summary Judgment, Granting Remaining Defendants' Motion for Summary Judgment, and Deferring a Ruling as to the Breach of Contract Claim Against Defendant EQT Production Company (ECF No. 174).

The Clerk of this Court shall also forward to the Clerk of the Supreme Court of Appeals of West Virginia the names and addresses of counsel of record and any unrepresented parties in this civil action as well as a copy of the current docket of this Court in this case.

Contact information of counsel for the plaintiffs and defendants are provided as follows:

1. For the Plaintiffs:

   Marvin W. Masters
   The Masters Law Firm, LC
   181 Summers St.
   4th Floor, Peoples Bldg.
   Charleston, West Virginia 25301

   Michael W. Casey
   Casey, Scott, Douglas & Kessler, PLLC
   901 Chase Tower
   707 Virginia Street, East
   P.O. Box 913
   Charleston, West Virginia 25323

2. For the Defendants:

   Carl L. Fletcher, Jr.
   Hendrickson & Long, PLLC
   214 Capitol Street,
   P.O. Box 11070
   Charleston, West Virginia 25301

   Christopher S. Arnold
   Hendrickson & Long, PLLC
   214 Capitol Street,
   P.O. Box 11070
   Charleston, West Virginia 25301

   David K. Hendrickson
   Hendrickson & Long, PLLC
   214 Capitol Street,
   P.O. Box 11070
   Charleston, West Virginia 25301

   Steven E. Hastings
   Hendrickson & Long, PLLC
   214 Capitol Street,
   P.O. Box 11070
   Charleston, West Virginia 25301

This Court acknowledges that the Supreme Court of Appeals of West Virginia may reformulate any proposed certified question of law.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order of certification to the Clerk of the Supreme Court of Appeals of West Virginia and to all counsel of record herein.

DATED: February 10, 2016

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE