IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

PATRICK D. LEGGETT,
KATHERINE F. LEGGETT,
GEORGE D. McKAIN,
by his attorney in fact,
ANITA KATHRYN McKAIN GREER,
and ADELE S. McDOUGAL,

    Plaintiffs,

v.                                  Civil Action No. 1:13CV4
                                                (STAMP)

EQT PRODUCTION COMPANY,
a Pennsylvania corporation,
EQT CORPORATION,
a Pennsylvania corporation,
EQT ENERGY, LLC,
a Delaware limited liability company,
EQT INVESTMENTS HOLDINGS, LLC,
a Delaware limited liability company,
EQT GATHERING, LLC,
a Delaware limited liability company
and EQT MIDSTREAM PARTNERS, LP,
a Delaware limited partnership,

    Defendants.

**ORDER LIFTING STAY AND ESTABLISHING DEADLINES
FOR LIMITED DISCOVERY ON REMAINING ISSUES AND
FOR DISPOSITIVE MOTIONS**

    On June 20, 2017, the parties appeared by telephone for a conference regarding the status of the parties' claims following the Supreme Court of Appeals of West Virginia's resolution of the certified questions in this civil action. The civil action was previously stayed pending the resolution of those certified questions. At the conference, the parties indicated that several issues remain following the resolution of the certified questions, and that they would confer and submit to the Court a letter identifying those remaining issues. The parties represented that they would require time for limited discovery on only the identified remaining issues, and that they would be able to

complete that limited discovery within six months from the date of the status conference. The parties also informed the Court at the conference that the plaintiffs have filed a petition for a writ of certiorari to the United States Supreme Court for review of the Supreme Court of Appeals of West Virginia's resolution of the certified questions.

The Court has now received the parties' letter identifying the remaining issues, and those three remaining issues are as follows:

1. the actual and reasonableness of the deductions,
2. royalty payment practices regarding produced and sold volumes, and
3. royalty payment practices regarding natural gas liquids.

Accordingly, the parties are DIRECTED to complete the limited discovery on only the above three remaining issues by **December 20, 2017**.

At the status conference, the Court had indicated to the parties that it would provide the parties with dispositive motions deadlines at the end of the discovery period. However, the Court now believes that it would be beneficial to set dispositive motions deadlines at this time. Thus, the Court hereby establishes the following briefing schedule for dispositive motions: All dispositive motions shall be filed by **January 8, 2018**. Any such motion must be supported by a memorandum at the time the motion is filed. Memoranda in opposition to such motions filed on the above deadline date shall be filed on or before **January 29, 2018**. Any reply memoranda shall be filed on or before **February 12, 2018**. If

any further issues develop during the limited discovery period, the parties should notify the Court of the new issues, and the Court will set a status and scheduling conference.

The parties are also DIRECTED to keep this Court advised of any activity in the United States Supreme Court regarding the plaintiffs' petition for a writ of certiorari.  Pursuant to the Supreme Court of Appeals of West Virginia's resolution of the certified questions, the stay of this civil action is hereby LIFTED.  Additionally, the pending motions in limine (ECF Nos. 168, 169, 170, 171, and 172) are DENIED WITHOUT PREJUDICE.

The Clerk is directed to transmit a copy of this order to all counsel of record herein.

DATED:  June 30, 2017

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE

3