IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KATHERINE F. LEGGETT, et al.,

    Plaintiffs,

v.                                     Civil Action No. 1:13CV4
                                                  (STAMP)
EQT PRODUCTION COMPANY, et al.,

    Defendants.


**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFFS' MOTION TO TRANSFER CASE**

I. Background

On January 10, 2013, the defendants removed this action from the Circuit Court of Doddridge County, West Virginia. In their amended complaint (ECF No. 52), the plaintiffs asserted that the defendants failed to pay the plaintiffs the full amount of royalties due to them under the terms of an oil and gas lease. Pursuant to their lease, the plaintiffs allege that the defendants have (1) improperly calculated the owed royalties, (2) taken unauthorized deductions for the plaintiffs' royalties, (3) reduced the volume and price of their oil and gas operations as they affect the royalties, and (4) misrepresented the accounting of the royalties. As a result of those actions, the plaintiffs asserted four claims in their complaint. Those claims were for breach of contract (Count I), breach of fiduciary duties (Count II), fraud (Count III), and punitive damages (Count IV), respectively. The plaintiffs also sought relief under the West Virginia Consumer Credit Protection Act ("WVCCPA").

The parties proceeded to engage in discovery and motions practice pursuant to this Court's scheduling order (ECF No. 18). On February 10, 2016, pursuant to the Uniform Certification of Questions of Law Act, West Virginia Code § 51-1A-1, et seq., this Court requested that the Supreme Court of Appeals of West Virginia answer two questions of law that may determine the outcome of the above-styled civil action. On November 21, 2016, the Supreme Court of Appeals of West Virginia answered the first certified question, after it was reformulated, and declined to answer the second certified question. On December 19, 2016, defendant EQT Production Company filed its "Respondent's Petition for Rehearing" in the Supreme Court of Appeals of West Virginia, seeking further consideration and relief relating to the certified questions. The Supreme Court of Appeals of West Virginia granted the petition for rehearing. On May 26, 2017, the Supreme Court of Appeals of West Virginia issued its opinion upon rehearing. The opinion upon rehearing answered the first reformulated certified question in the affirmative, whereas the previous majority had answered it in the negative. On June 30, 2017, this Court established deadlines for limited discovery on the remaining issues. Following discovery, from September 2018 through January 4, 2019, the parties filed the following motions and pleadings which remain pending: (1) motion for partial summary judgment by EQT Production Company (ECF No. 271); (2) motion for summary judgment regarding deductions and royalty by plaintiffs (ECF No. 273); (3) motion for reconsideration

regarding order on motion for summary judgment by plaintiffs (ECF No. 279); (4) motion to strike response in opposition to motion by EQT Production Company (ECF No. 289); (5) motion to transfer case by plaintiffs (ECF No. 293); (6) motion for leave to file a sur-reply in support of application of Senate Bill 360 Amendment to this civil action by plaintiffs (ECF No. 296); (7) memorandum in opposition to award of expenses and sanctions by EQT Production Company (ECF No. 265); and (8) objections to order on motion for protective order by EQT Production Company (ECF No. 266).

As noted, one of these pending motions is a motion to transfer the above styled civil action to the federal class action also pending in the Northern District of West Virginia styled <u>The Kay Company, LLC, et al. v. EQT Production Company, et al.</u>, Civil Action No. 1:13CV151. ECF No. 293. In that motion filed by plaintiffs, plaintiffs represent that there are subclassess of lessors in the class action, which includes: (1) "[a]ll EQT natural gas lessors with flat rate leases . . . and that received or were due to be paid royalties from defendants and EQT's production or sale of natural gas which was produced within the boundaries of the State of West Virginia from their estates during the period beginning December 8, 2008, and extending to the present[;]" (2) "[a]ll EQT gas lessors that received or were due to be paid royalties from defendants and EQT's production or sale of natural gas which was produced within the boundaries of the State of West Virginia from their estates during the period beginning December 8,

2008, and extending to the present [,] . . . except for those lessors holding flat rate leases converted according to W. Va. Code, § 22-6-8." Id. at 1-2. Moreover, plaintiffs argue that: (1) "[p]laintiffs' and defendants' counsel are the same in each case[;]" (2) "discovery has been consolidated in both cases since the cases were filed[;]" (3) "trial costs will [] be costly[;]" (4) "[t]he same experts which plaintiffs have used and will use in The Kay Company case will address the issues in the Leggett case and generally the same fact witnesses, other than plaintiffs, will be called, given the issues are the same with respect to this subclass[;]" (5) "[p]laintiffs are presumptive members of the class action inasmuch as they have not opted out of the class action and because the pendency and continuance of this . . . separate legal action that was instituted before the class action does not operate to exclude plaintiffs from the class[;]" and (6) district courts have discretion to transfer in the interest of justice or the convenience of parties under 28 U.S.C. § 1404(a). Id. at 2-5. Thus, plaintiffs contend that the action may be transferred. Id. Plaintiffs also note that the plaintiffs have filed the same motion to transfer in The Kay Company. Id.

The defendant EQT Production Company filed a response in opposition to the motion to transfer. ECF No. 300. In that response, defendant argues that transfer of this case is not permitted by 28 U.S.C. § 1404, because the "interest of justice" factor would not be met here. Id. at 3. Further, that defendant

4

contends that the plaintiffs are engaging in "forum shopping." Id. at 4. Moreover, that defendant argues that transferring the case would not facilitate the convenience of the parties or the Court in this case or in The Kay Company case. Id. at 5. Lastly, that defendant argues that plaintiffs are precluded from re-litigating in The Kay Company their claims against the non-lessee defendants, and claims for fraud and punitive damages that have already been ruled upon in this case due to the "law of the case doctrine." Id. at 6-8.

The plaintiffs filed a reply to the defendant's response in opposition. ECF No. 301. In reply, the plaintiffs argue that transfer is proper, setting forth many of the same arguments raised in their initial motion. Specifically, plaintiffs address defendant EQT Production Company's "forum shopping" argument, stating that "[p]laintiffs would and will be bound by the judgment in Kay Company regardless of this Court's previous rulings. Even if there was or is an adverse ruling or judgment in Kay Company, [p]laintiffs would be and will be bound by that ruling." Id. at 3. Moreover, the plaintiffs also state that the "law of the case doctrine" is not applicable here since that only applies to matters decided during the course of a single continuing lawsuit, and not separate actions. Id. at 4. Lastly, plaintiffs argue that res judicata does not apply since the first element that there be a final adjudication on the merits in a prior action has not been met. Id.

5

## II. Applicable Law

Title 28, United States Code, Section 1404(a) provides, in pertinent part:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a). The United States Court of Appeals for the Fourth Circuit has held that a motion to transfer an action under § 1404 is within the sound discretion of the district court. Akers v. Norfolk & W. Ry. Co., 378 F.2d 78, 81 (4th Cir. 1967). When resolving a motion to transfer, district courts often consider the following factors:

> (1) ease of access to sources of proof; (2) the convenience of parties and witnesses; (3) the cost of obtaining the attendance of witnesses; (4) the availability of compulsory process; (5) the possibility of a view; (6) the interest in having local controversies decided at home; and (7) the interests of justice.

Vass v. Volvo Trucks N. Am., Inc., 304 F. Supp. 2d 851, 857 (S.D. W. Va. 2004) (quoting AFA Enterprises, Inc. v. Am. States Ins. Co., 842 F. Supp. 902, 909 (S.D. W. Va. 1994)).

## III. Discussion

At this stage, this Court believes it is appropriate to transfer this action to the docket of Judge John Preston Bailey who is presiding over the subject federal class action pending in the Northern District of West Virginia styled The Kay Company, LLC, et al. v. EQT Production Company, et al., Civil Action No. 1:13-CV-151.

6

In this civil action, most if not all of the factors described above weigh in favor of transferring this action. According to the plaintiffs, there are subclasses of lessors in The Kay Company. In addition, it does not appear to be disputed that the parties' counsel are the same in each case. It also appears that any discovery has been consolidated in both cases since the cases were filed. Further, the plaintiffs claim that they are presumptive members of the class action inasmuch as they have not opted out of the class action and because the pendency and continuance of this separate legal action that was instituted before the class action does not operate to exclude plaintiffs from the class.

IV. Conclusion

For the reasons stated above and for other reasons appearing to the Court, the plaintiffs' motion to transfer case (ECF No. 293) is GRANTED.[1]

IT IS SO ORDERED.

---

[1]On January 31, 2019, counsel for the parties filed a joint motion for stay of proceedings. ECF No. 306. Paragraph 6 of the joint motion states:

> Here, a stay of the proceedings in this action, pending approval of the class settlement in Kay Company is undoubtedly in the interest of judicial economy. Plaintiffs contend that they are members of the class certified in Kay Company and approval of the class settlement by the Court in that case will be determinative of disputed issues between the parties here . . .

This statement does not include the position of the jointly moving defendant, and no where in the motion is it stated whether that defendant agrees or disagrees.

The Clerk is directed to transmit a copy of this memorandum opinion and order to counsel of record herein. Because <u>The Kay Company, LLC, et al. v. EQT Production Company, et al.</u>, Civil Action No. 1:13CV151, is assigned to the Honorable John Preston Bailey, the Clerk is also directed to provide a copy of this memorandum opinion and order to Judge Bailey.

DATED: February 1, 2019

/s/ Frederick P. Stamp, Jr
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE